25   88
J73  799

HIGHRAM SKAGGS et al. *vs.* TAYLOR NELSON.

The vendor's lien for the purchase-money in the sale of land, is founded upon an implied trust between the vendor and vendee.

Where the vendor makes the purchaser a deed, an assignee of a note for the

purchase-money has no lien upon the land for the payment of the note. 6 How. 362, cited and confirmed.

To give effect to a parol agreement for a lien upon land for the purchase-money, would violate the whole spirit of the statute of frauds, and introduce the very evils it was intended to guard against.

The vendor received his whole purchase-money when he made the conveyance, and, therefore, never had any lien on the land which could be assigned, even if subject to assignment.

In error from the circuit court of Lowndes county; Hon. F. M. Rogers, judge.

Taylor Nelson filed his bill on the chancery side of the docket, in the circuit court of Lowndes county, asserting an equitable lien for the purchase-money of a certain tract of land by substitution to the lien of the vendor of the land. The bill sets up that one Jonathan T. Nelson was the owner of the land, and bargained the same, by said Taylor Nelson, the complainant, as agent to said Skaggs, and conveyed the same to Skaggs by deed. That by an agreement "complainant paid Jonathan the amount of Skaggs's purchase, and took Skaggs's promissory note directly to himself for the purchase-money of said land," and in this way, by general agreement of the parties, complainant was substituted as Skaggs's creditor for said purchase-money, and was put in the place of, and clothed with all the rights, powers, and privileges of his vendor in relation to said premises, &c.

The bill next sets up, that afterwards, this agreement was made : that Skaggs should pay complainant about $100 on his indebtedness, and convey the land to Mrs. Perry, wife of James A. Perry, take up his own notes, and in lieu thereof substitute her note for $235, payable to complainant, a portion of her accruing indebtedness for the purchase, and thus "more effectually evidence, maintain, and secure complainant's lien on said premises;" that Perry and wife knew that Skaggs's purchase-money was unpaid; and it was agreed by all the parties that the above arrangement should be entered into, and that Mrs. Perry's notes should specify that they were given for the purchase-money of said land; that the land was conveyed to Mrs. Perry, and she executed two notes for $112.50 each, one due 1st March,

8 *

1850, and the other 1st March, 1852, reciting that they were given for the purchase-money of said land. It is alleged, that "said agreement was entered into solely in consideration that a vendor's lien should be preserved to complainant in said land."

It is further alleged, that this agreement was made at the instance of Skaggs and Mrs. Perry, and with the above and distinct agreement and understanding by all parties. Transcript, 3. That by the terms of said notes (exhibits A. and B.) complainant had preserved and could enforce a vendor's lien therefor on said land.

It is also alleged, that James A. Perry has absconded, and is insolvent, and that his wife is insolvent, unless she has an interest in said land; that Skaggs has, or pretends to have repurchased said land from Mrs. Perry; that the notes of Mrs. Perry are yet unpaid; and that complainant has taken no security therefor except his aforesaid lien.

The prayer of the bill is, to establish a vendor's lien, and for a sale of the land to pay the alleged purchase-money; also a prayer for general relief. The bill was not sworn to.

Skaggs alone answered, and reserves the same benefit as if he had demurred specially to the allegations; and he made an exhibit of the deed from Jonathan T. Nelson to himself for the land, which recites, that $400 was paid to said Jonathan by Skaggs for the purchase-money, and the title is warranted by said Jonathan. He denies that any lien was retained for the purchase-money; and he pleads the statute of frauds against any such express agreement and contract. He insists that a vendor's lien exists only as an inseparable equitable interest of the contract of purchase, and is raised by construction of equity in favor of the vendor only, and is an incumbrance which can only be held by the vendor, and no third person as assignee can derive any benefit from it, and such a lien is not the subject-matter of a separate contract. He further denies, that the notes to Mrs. Perry contain any such agreement, and denies every other allegation in the bill.

*James T. Harrison,* for plaintiff in error.

The decree does not profess to decide the issue, or pass upon the facts. It is wholly defective in form and substance. *Burdine* v. *Shelton*, 10 Yerg. 41, 46; 1 Harris. Ch. Pr. 108; 2 Daniell, Ch. Pr. 1211, 1212, &c., and notes to Am. ed. and cases cited; *Bacon* v. *Childs*, 1 Root, R. 466; *Sampson* v. *Hunt*, Ib. 521; *Peters* v. *Rosseter*, Ib. 273; *Beers* v. *Botsford*, 13 Conn. R. 146; 2 Ohio, 872; 7 Ib. 184; *Wernwag* v. *Brown*, 3 Blackf. R. 458.

Even the name or style of the case is not given in either the commissioner's report or the decree of the court; and unless the reference, report, and decree, constituted one continuous, connected, and single transaction, this must be supplied by intendment.

And the court should first have passed upon the case; found the facts to be true, as alleged; and then ordered a reference to the master to calculate the amount due upon the notes, after the court had determined from the pleadings and proofs that something was due, and that the complainant was entitled to a vendor's lien.

There is also error apparent upon the face of the papers in this, that no notice was given of the time or place of taking the account, nor was any opportunity given to except to the same. *M'Gowan* v. *James*, 12 S. & M. 448.

A vendor's lien cannot be assigned like a bond or a mortgage, by which a third person can enforce it in law or equity, because it is not expressed in writing, or in any separate contract; but exists only as an inseparable equitable incident of the contract of purchase; and is raised by construction of equity, in favor of the vendor only. *Iglehart* v. *Armiger*, 1 Bland, Ch. R. 522, 523, 524; *Briggs et al.* v. *Hill*, 6 Howard's Miss. R. 365, 366.

Such a lien is the mere creature of the court of equity. *Gilman* v. *Brown*, 1 Mason, 221; *Gann* v. *Chester*, 5 Yerg. 205.

The vendor's lien for the purchase-money is founded upon an implied trust between the vendor and the purchaser. It is an equity between the vendor and the vendee which the notes cannot affect, but which exists in the same character, whether a note is given or not. This equity arises to the vendor for his own safety; but it cannot be transferred to another. No law

has made it the subject of conveyance or assignment. The vendor's lien is a distinct and substantive right, separate from the notes. *Jackson* v. *Hallock et al.*, 1 Ham. 318; 1 Ohio Cond. R. 144; *Hall's Executors* v. *Click et al.*, 5 Ala. R. 365.

Taylor Nelson was to pay Jonathan Nelson $200, whether Skaggs ever paid him or not, and Jonathan Nelson was not liable over in any way to Taylor Nelson. Being without interest, the equitable lien cannot be enforced. *Hill's Executors* v. *Click et al.*, 5 Ala. 363; *Lewis* v. *Ragan*, 7 Gill & Johns. 120. A court of chancery cannot create and enforce a mortgage for the unpaid purchase-money. *Gann* v. *Chester et al.*, 5 Yerg. 208. A bill to enforce an equitable lien is a proceeding *in rem. Ducker & Jones* v. *Gray*, 3 J. J. Marsh. 163.

If the vendor of land takes a negotiable note of the vendee, indorsed by a third person, payable at future times by instalments, this is such a distinct security as extinguishes the lien. *Gilman* v. *Brown et al.*, 1 Mason, 191, 215, 216; *Palmer & others*, 1 Doug. 422; *Fish* v. *Howland*, 1 Paige, 20; 2 Yerg. 84; 4 Wheat. 256, 590; 3 J. J. Marsh. 163; *Clower* v. *Rawlings*, 9 S. & M. 122, 128.

*W. P.* and *J. F. Jack*, for defendant in error.

The deed under which Skaggs claims is from Mrs. Perry, a married woman; her husband does not join in the deed, and, therefore, it conveys no title to him. (See deed of M. F. Perry to H. Skaggs, exhibit No. 2 to Skaggs's answer.) The deed to convey the land should have been in the joint names of Mildred F. Perry and James A. Perry, her husband, according to our statute. Hutch. Code, 498, § 6.

A married woman's deed alone is a nullity. *Herrington* v. *Herrington*, Walker's Miss. R. 322.

A married woman can only convey her separate estate in the manner pointed out by the statute. *Davis* v. *Foy*, 7 S. & M. 64; *Frost* v. *Doyle*, Ib. 68; *Berry* v. *Bland*, Ib. 77.

Skaggs, therefore, has no title, having sold to Mrs. Perry and taken a conveyance back from her, which is a nullity. No doubt that the name of J. A. Perry was written on the notes at Perry's house, where the notes were drawn, and by Skaggs's

direction, and that when he and Perry went over to Nelson's, where the exchange and substitution was made, they did not read the back of them to Nelson.

As to the point made by the appellant, that a vendor's lien is not assignable; we are not asserting Nelson's rights as assignee, either of the notes or the purchase-money. The deposition of J. T. Nelson shows a distinct, substantive, and executed agreement of the parties, that in consideration of getting a conveyance of the land, and the payment of $200 each by Taylor to J. T. Nelson, Skaggs made his notes to Taylor Nelson, with the design of creating in his favor a lien on the land for the payment of the notes.

Nelson has executed his part of the agreement, and on the faith of the contract has parted with his money. He is thereby placed in a condition that will be a fraud on him, unless Skaggs is compelled to perform his part of the contract. Under these circumstances a court of equity will compel him to do so. 2 Story, Eq. Jur. §§ 759, 760, 761, *et seq.* And this may be done not only against the original parties, but all claiming under them, in privity of estate, representation, or title. 2 Story, Eq. Jur. § 788.

Where a parol contract, relating to an interest in land, has been executed by one of the parties, equity will enforce it against the other, for he shall not be allowed to take advantage of the statute to perpetrate a fraud. 1 Sug. Vend. 141, and n. 2; Ib. 142, and n. 1; Ib. 148, n. 1.

If the court will not compel Skaggs specifically to execute his agreement, still Taylor Nelson would be entitled to recover back the amount ($200) he actually paid on the faith of the agreement and interest, and to a lien on the land for it; or the court will convert Skaggs into a trustee holding it for that purpose. 2 Story, Eq. Jur. §§ 772, 774; 1 Fonbl. Eq. b. 1, ch. 6, § 3.

Mr. Justice YERGER delivered the opinion of the court.

The facts of this case, as stated in the complainant's bill, do not make a case, entitling him to any lien on the land for the notes named in the bill.

The vendor's lien for the purchase-money is founded upon an implied trust between the vendor and purchaser; and this court has distinctly held, that if the vendor makes the purchaser a deed, an assignee of a note for the purchase-money has no lien upon the land for the payment of the note. 6 How. R. 362. In the present case, the complainant was not the vendor of the land. On the contrary, he states, that "Jonathan T. Nelson sold the land to defendant, and conveyed to him by deed, and that complainant paid Nelson the amount of defendant's purchase, and took defendant's note directly to himself for the amount thus paid; and in this way, by general agreement of the parties, was substituted as defendant's creditor for the purchase-money, and was put in the place of, and clothed with, all the rights, powers, and privileges of the vendor, in relation to the premises." The true statement of this case shows that the relationship of vendor and vendee never existed between these parties. And, as the vendor received his whole purchase-money when he made the conveyance, he never had any lien on the land which could be assigned, even if the vendor's lien, where he had made a conveyance, was the subject of assignment.

We are thus driven to the "general" parol agreement, which it is said was made, that complainant should have a lien on the land for the purchase-money. To give effect to such an agreement would violate the whole spirit of the statute of frauds, and introduce the very evils it was intended to guard against.

The decree of the court below was erroneous, and must be reversed, and the complainant's bill dismissed.