W. B. WYNN, ADMINISTRATOR, v. J. W. FLANNEGAN.

The plaintiff suing to enforce a vendor's lien claimed by him upon a tract of
two hundred and eighty acres of land, two hundred of which embraced
the homestead tract of the husband and wife, defendants in the suit, his
evidence of indebtedness consisting of a promissory note reciting on its
face that it was given for the purchase money of the eighty acres not with-
in the homestead portion of the tract; and a bond to make title to the
whole of the tract executed by the husband and wife to a third party, and
which was consistent with the contract evidenced by the note, also being
in evidence; *held,* that parol testimony offered by the plaintiff to prove
that by the agreement of the husband (the wife not being a party to it,)
the plaintiff should have a lien on the whole of the land, was inadmis-
sible; first, because its effect was to vary the terms of the contract as
shown by the note and title bond taken together; secondly, because it
proposed to establish a lien upon land, not by showing such facts as would
give rise to the vendor's lien, but by showing that the parties had agreed
that other facts should give the plaintiff the same rights as if he were in-
deed the vendor of the whole of the land; and lastly, the testimony was
inadmissible to affect the homestead rights of the wife, unless she had been
a party to the agreement.

A vendor's lien upon land is not established by proof that parties agreed that
one of them should have a vendor's lien upon certain land. Such a lien
arises by operation of law where certain facts exist. If the facts do not
exist, the vendor's lien does not arise.

Any other kind of lien upon land than the vendor's, such as a mortgage
lien, must be evidenced by writing.

It seems that where the vendor of land causes a note given by the purchaser
for the purchase money, to be made payable to another person, that it
will carry with it the vendor's lien, the same as if it had been made pay-
able to the vendor.

APPEAL from Rusk.   Tried below before the Hon. C. A. Fra-
zer.

*Armstrong & Parsons,* for the appellant.

*Benjamin Smither,* for the appellee.

BELL. J.—This suit was instituted by J. W. Flannegan against
one J. W. Ivey, and W. B. Wynn, and his wife, Sarah A. Wynn.
The petition alleges that some years before the institution of this

suit, Flannegan, the plaintiff, became surety for Wynn and his. wife, that judgment was recovered against Wynn and wife and himself, and that he paid about three hundred and twenty-five dollars of said judgment, and was liable for the remainder, which amounted to about three hundred and eighty-five dollars. It is alleged that Wynn and wife, at the time judgment was rendered against them and Flannegan, were the owners of a tract of land containing two hundred and eighty acres, and that the execution which was issued upon the judgment against them and Flannegan, was levied on eighty acres of the said tract of land, that being the surplus of the tract over and above what Wynn and his wife were entitled to claim as their homestead. It is shown that Flannegan became the purchaser of the eighty acres of land at sheriff's sale. It is alleged that Wynn and wife, being desirous to pay Flannegan the amount which he had paid for them, agreed to sell the remaining two hundred acres of their land to J. W. Ivey, and did sell to Ivey, not only the two hundred acres of land owned by them, but also the eighty acres owned by the plaintiff, Flannegan. The petition then alleges that Ivey, in consideration of the sale to him of the two hundred and eighty acres of land, for the consideration of nineteen hundred and sixty dollars, executed to Flannegan the note sued on for seven hundred and forty-seven and ninety-three one-hundredths dollars, with the consent of Wynn and wife, and that the understanding of all the parties—Flannegan, Ivey, and Wynn and wife—was that the note for seven hundred and forty-seven and ninety-three one-hundredths dollars, made payable to Flannegan, should be a lien on the whole two hundred and eighty acres of land. Unfortunately, however, for the case thus stated in the petition, the note for seven hundred and forty-seven and ninety-three one-hundredths dollars, shows on its face that it was given for the purchase money of the eighty acres of land, and the petition shows that the eighty acres of land were not sold by Flannegan to Wynn and wife, and by them to Ivey, but were conveyed directly by Flannegan to Ivey. The petition charges that Ivey and Wynn and wife have confederated to prevent the plaintiff from collecting his debt, and that they pretend to have cancelled the contract of sale which they had formerly

entered into. The petition claims that the note sued on, being a part of the purchase money of the two hundred and eighty acres of land, carries with it the vendor's lien upon the whole two hundred and eighty acres, and the prayer of the petition is that the vendor's lien may be established by the judgment of the court upon the whole of the land, and that the whole of the land be sold for the payment of the note on which the plaintiff sues. On the trial of the cause, a bond for title from Wynn and wife to Ivey was read in evidence. This bond recites that Wynn and wife had sold to Ivey the two hundred and eighty acres of land, for the consideration of nineteen hundred and sixty dollars; that Ivey had executed certain notes for the purchase money, and that one of these notes, being for the sum of seven hundred and forty-seven and ninety-three one-hundredths dollars, was made payable to J. W. Flannegan. The title bond also bound Wynn and wife, upon the payment of the purchase money by Ivey, to procure a conveyance from Flannegan of the eighty acres then owned by him. The title bond was acknowledged by Mrs. Wynn, in proper form, after privy examination. On the trial, also, witnesses were called who stated that it was the understanding between Flannegan and Ivey and W. B. Wynn, when this agreement was entered into, that the note to Flannegan should be a lien on the whole two hundred and eighty acres of land, though it was said that Mrs. Wynn was not present assenting to this agreement. This parol evidence was objected to by the counsel for the defendants, because it tended to establish a lien upon land by parol, and because it showed an agreement prior to the execution of the bond for title by Mrs. Wynn, and to which she was not a party; which objections were overruled by the court.

The court submitted special issues to the jury. The jury found, in substance, that Ivey executed the note sued on to Flannegan; that the note was given for the eighty acres of land in part; that Flannegan had been surety for Wynn and wife and had paid their debt; that Wynn agreed with Flannegan, and that Mrs. Wynn ratified the agreement by signing the title bond to Ivey that if Flannegan would convey the eighty acres of land to Ivey, the note to Flannegan should be a lien on the whole two hundred and

Wynn v. Flannegan.

eighty acres of land, which Flannegan should have the right to enforce. Upon this finding of the jury, the court below gave judgment in favor of Flannegan, establishing his right to have the whole two hundred and eighty acres of land sold in satisfaction of his demand upon the note, and decreeing the sale of the land. Mrs. Wynn having died before the trial, W. B. Wynn as administrator of her estate continued the litigation, and has prosecuted this appeal. I have thus endeavored, from the pleadings and evidence together, to give an intelligible statement of the case.

We are of opinion that there is error in the judgment of the court below. The note sued on by the plaintiff recites on its face that it is given for the purchase money of the eighty acres of land. The note itself is therefore a palpable contradiction of the effect which is claimed for the title bond from Wynn and wife to Ivey. The recital in the title bond that a part of the consideration money should be paid by Ivey to Flannegan, is not in itself inconsistent with the declaration on the face of the note, that the seven hundred and forty-seven and ninety-three one-hundredths dollars was the purchase money of the eighty acres of land conveyed by Flannegan to Ivey. The objection which was taken by the counsel for the defendants to the parol testimony which was introduced to show that Wynn agreed with Flannegan that he should have a lien on the whole of the land, ought to have been sustained. The testimony was inadmissible, first, because its effect was to vary the terms of the contract as shown by the note and title bond taken together; secondly, because it proposed to establish a lien upon land, not by showing such facts as would give rise to the vendor's lien, but by showing that the parties had agreed that other facts should give the plaintiff the same rights as if he were indeed the vendor of the whole of the land; and lastly, the testimony was inadmissible to affect the homestead rights of Mrs. Wynn, because it was not pretended that she was a party to the agreement which the testimony was introduced to establish. A vendor's lien upon land is not established by proof that parties agreed that one of them should have a vendor's lien upon certain land. Such a lien arises by operation of law where certain facts exist. If the facts do not exist, the vendor's lien

does not arise. Any other kind of lien upon land, such as a mortgage lien, must be evidenced by writing. If the whole of the two hundred and eighty acres of land, in this case, had in fact been sold by Wynn and wife to Ivey, and if Wynn and wife had caused one of the notes for a part of the purchase money to be made payable to Flannegan, we do not mean to say that such note would not have carried with it the vendor's lien. But such is not the transaction disclosed by the record in this case. This whole transaction, taken together, looks very much like a cunning device on the part of the plaintiff, through the instrumentality of Ivey, to secure his debt by acquiring a lien upon the homestead of Wynn and wife, and a determination on his part not to permit his desire to secure the bird in the bush, that is to say, the lien upon the two hundred acres of land, to betray him into the indiscretion of permitting the eighty acres, which was a bird in hand, to slip through his fingers. We forbear, however, to pass this judgment upon the transaction, and content ourselves with the conclusion that the plaintiff has not shown himself entitled to have the two hundred acres of land, belonging to Wynn and wife, or to Ivey, as the case may be, sold in satisfaction of his debt. He is only entitled to enforce his vendor's lien upon the eighty acres of land which he sold to Ivey. The judgment of the court below is reversed, and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.