## L. J. BROWN V. M. L. CHRISTIE AND OTHERS.

1. The vendor of land has a lien upon it for the payment of the purchase money, which lien exists by operation of law, and without any agreement between the parties; but if the purchaser proves that the lien was not intended to be reserved, or that it was waived, or has been released, the law will not presume a lien, to defeat the intention of the parties.

2. The vendor may waive his lien by taking personal security for the purchase money, or by taking a chattel mortgage, an assignment of collaterals, or a mortgage on other real estate, as security therefor.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The material facts are indicated in the opinion of the court.

*James H. Jones*, for the appellant.

*Wm. Stedman*, for the appellees.

WALKER, J.—Sampson Christie, in his lifetime, executed the notes sued on to James N. Brown, deceased. The appellant, the surviving widow of Brown, sets up a vendor's lien against the lands described in the petition.

The land was sold by Brown to Christie, but there is evidence to show that, although the title was in Brown, the land really belonged to one Warren, who appears

44—XXXV

to have been interested in making a sale of the lands to Christie.

Sampson Christie conveyed the land to his wife, the appellee, soon after he purchased it, and about two years prior to the date of the notes sued on. It is claimed, however, that the larger note was given in lieu of a note of prior date, and which note was secured by vendor's lien.

The evidence pretty clearly establishes the fact that Christie was indebted to one White, and White to Brown, and that the smaller note was given by Christie to Brown in settlement of White's indebtedness. There is evidence tending to prove that Warren was the real owner of the land, and that, at the time of the sale to Christie, he agreed that the land should not be encumbered by the vendor's lien, knowing that it was Christie's intention to deed the land to his wife; that it was understood and agreed that the vendor's lien should not follow the land into her hands, but that the deferred payments should be raised out of the proceeds of Mrs. Christie's McHarry farm, which was in the use and occupation of her husband.

The only question of law which arises is, did the lien attach to the lands in the hands of the appellee? And we can only answer this question by stating the general principle of law to which the facts in this case may or may not apply. In the absence of any agreement to the contrary, the vendor has a lien for the payment of the purchase money, which exists by operation of law, without any special agreement between the parties. (See 4 Kent, 155; Winn v. Flanagan, 25 Texas, 781.)

And it remains with the purchaser to show that the lien was not intended to be reserved, or that it has been released; but if it affirmatively appear that the lien was

intentionally waived, the law will not presume a lien to defeat the intention of the parties. (Glasscock v. Glasscock, 17 Texas, 487 ; 4 Kent, 350.)

The vendor's lien may be waived by taking personal security, a chattel mortgage, the assignment of collaterals, or a mortgage on other real estate. (4 Kent, 155, 156, 157 ; Parker County v. Sewell, 24 Texas, 239.)

We cannot see that the charge of the court is erroneous, nor is the verdict of the jury unsupported by the evidence ; and yet it is upon these grounds that appellant insists the judgment should be reversed.

The evidence is somewhat contradictory, but there is certainly sufficient evidence to authorize the finding of the jury.

The judgment is therefore affirmed.

AFFIRMED.