ANN M. MALONE ET AL. v. JULIUS KAUFMAN.

1. Where a party advances money to relieve a homestead from the lien for unpaid purchase money, and takes from the purchaser and his wife notes for the amount advanced, and a deed of trust to secure their payment, he is not thereby subrogated to rights of the vendor, and the homestead is relieved from the lien for purchase money.

2. In such a case the notes and the deed of trust, being for money loaned, the contract is not such an one as can subject the homestead to forced sale, whatever may have been the intention of the parties to the contract at the time.

3. The vendor's lien is not a creature of contract, but is an incident to a contract for the purchase of land, growing out of that specific kind of contract by operation of law.

APPEAL from Galveston.   Tried below before the Hon. A. P. McCormick.

In November, 1860, Charles R. Hughes sold to Edward Malone (the husband of Ann M. Malone and the father of the other appellants) a lot in the city of Galveston, with improvements thereon, for four thousand dollars—two thousand thereof cash, and two thousand in notes of the purchaser, at one and two years, secured by deed of trust executed to Stephen Southwick and Henry Van Buren.

In 1865 Mrs. Wood was in possession of the premises, and owned the notes given by Malone to Hughes for the purchase money.  She refused to deliver possession to Malone until the notes were paid.

In order to obtain possession, Malone procured Kaufman to buy the notes from Mrs. Wood.  These notes were then canceled, and the notes sued on executed to Kaufman by Malone, in consideration of Kaufman's advance.  The court charged:  " If the jury believed, from the evidence, that the notes sued on were given for the amount of the unpaid principal and interest due Hughes, from Malone, for the purchase of the lots mentioned in the pleadings, and that the notes originally given were canceled, and these notes given in lieu of them, in order that the purchaser might obtain possession of said lot, which was then held by the vendor, and with the express understanding that the plaintiff thereby assumed the place and rights of said vendor, you will find for the plaintiff the amount due on the notes sued on, and that the lot is subject to the payment of said amount as part of the purchase money.   *     *     *     *     The jury will find whether the notes were given for the unpaid purchase money of the property bought by Malone from Hughes."

The jury found that the notes were "given for the unpaid purchase money of the property bought by Malone from Hughes," and gave plaintiff a verdict for their amount, $2583.26. The court thereupon rendered judgment against the minor defendants for that amount, and directed the sale of the property involved for its satisfaction.

*McLemore & Hume*, for appellant.—The vendor's lien does not arise in favor of a third party who pays the purchase money to the vendor for the purchaser and takes the latter's note for the amount. (2 Washburn R. Prop., p. 92; Nott's Appeal, 45 Penn. S. R., 361; Stancel v. Roberts *et al.*, 13 Ohio, 156; Skaggs *et al.* v. Nelson, 25 Miss., 94.)

*Edward T. Austin*, for appellee.

McAdoo, J.—The contract on which this suit is based is a new one, entered into by a third party, and one of the parties to an old one.

Hughes sold lot 1, block 314, in the city of Galveston, to Malone, taking two notes of Malone as part of the purchase price of the lot. Malone and wife also executed a deed of trust for Hughes' benefit, the property being made a homestead.

In 1866, $2000 being still due on the two notes, at the request of Malone, Kaufman, the appellee, advanced the money to Malone to take up these two notes.

They were taken up and canceled, together with the deed of trust.

In consideration of this advancement of the money to Malone to relieve the homestead from the burden of these two purchase money notes, Malone executed two new notes to Kaufman, and he and his wife executed a deed of trust to secure Kaufman in this advancement made to

take up the two notes for purchase money, to the holder of the notes to Hughes.

This was a new contract, and between different parties; not between Malone and Hughes, but between Malone and Kaufman.

The moment the money was paid to the holder of the purchase money notes, no matter whence derived, the purchase money was paid, the vendor's lien on the lot was discharged, and the deed of trust for the benefit of Hughes, the vendor, became null.

Had Kaufman dealt with the holder of the purchase money notes, paid his money to him as a purchaser of the notes, the vendor's lien would have inured to him as an incident to the notes. But he saw fit to make a new contract; to deal with Malone and not with the holder of the notes; and the new contract, not being for purchase money, but being for money loaned, the contract is not such an one as can subject the homestead to forced sale, whatever may have been the intention of the parties to the contract at the time.

It is evident that the parties did undertake, by this new contract, to substitute the new contract for the old. They did intend to invest the new contract with the superior force of a vendor's lien; but still it is not a contract for purchase money, which alone could give it that force, and the courts of this State cannot enforce a contract of the kind. The Constitution absolutely forbids forced sales of the homestead, except for purchase money, and the courts are thereby prohibited from making such orders of sale, though the parties, at the time of making the contract, intended it to have the force of a vendor's lien. The vendor's lien is not the creature of contract, but is an incident to a contract for the purchase of land, growing out of that specific kind of contract by operation of law.

The principle above stated in regard to the non-subro-

gation to the rights of the holder of the vendor's lien, is clearly laid down in Flynn v. Flanagan, 25 Texas, 778; also in Nott's Appeal, 45 Penn. S. R., 361; and Stancel v. Roberts *et al.*, 13 Ohio, 156; and in Skaggs *et al.* v. Nelson, 25 Miss. R., 94.

The question raised in the appellee's brief, that the property cost more than $2000 at the time of its purchase, and when dedicated as a homestead—the city homestead being limited to $2000 at the time the contract was made—we think is of no force in this case, because the form of this suit is such as not to reach the collection of the debt against the estate of Edward Malone. This suit is for the foreclosure of the vendor's lien on the property occupied as a homestead. There is no vendor's lien secured in the contract, and no cause of action, therefore, exists against Mrs. Malone.

The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.