PEARL, *Plaintiff in Error*, v. HERVEY.

**Enforcement of Agreement for a Lien:** VENDOR'S LIEN: REFORMING MARRIED WOMAN'S DEED. One H having contracted for the purchase of certain land, and being unable to pay the whole of the purchase money, plaintiff's testatrix advanced what was lacking, upon an agreement with H and his wife that she, the testatrix, should have security upon the land, and to that end that the same should be conveyed to plaintiff as trustee for her. As soon as the money was paid the land was conveyed by the vendor to Mrs. H, who, on the same day, intending to carry out the agreement, conveyed to plaintiff as trustee, by a deed in which, however, her husband did not join. In an action against H and wife to have a lien declared and enforced against the land for the purchase money so advanced; *Held,* 1st, that unless the deed to Mrs. H created in her a separate estate, her conveyance not joined in by her husband could not be made the basis of any action either at law or in equity, and hence the action could not be sustained as a proceeding to reform the deed to plaintiff, 2nd, that as the vendor had been paid in full and had executed a conveyance, no vendor's lien could arise; 3rd, that no equitable lien upon Mrs. H's interest in the land could arise out of the agreement for a lien, unless she had a separate estate; but 4th, the agreement, unless defeated by the statute of frauds, was good against H so far as his marital interest in the land was concerned.

*Error to Montgomery Circuit Court.*

REVERSED.

*Henry Flanagan* for plaintiff in error.

1. The testatrix having advanced two-thirds of the purchase money with the distinct understanding between all the parties that the land should be charged with a lien to secure the payment of the same, the plaintiff is entitled to the benefit of a vendor's lien, and it ought to be enforced in his favor. *Warren v. Fenn*, 28 Barb. 334.

2. The rule that a vendor's lien can only be enforced by the vendor, has several well defined exceptions. *Smith v. Schneider*, 23 Mo. 447; *Lewis v. Chapman*, 59 Mo. 371; *Wells v Morrow*, 38 Ala. 125; *Nichols v. Glover*, 41 Ind. 24; *Ripperdon v. Cozine*, 8 B. Mon. 465; *White v. Downs*, 40 Texas 225; *Francis v. Wells*, 2 Col. 660; *Smith v. Smith*, 9 Abb. Pr. (N. S.) 420; *Pinchain v. Collard*, 13 Texas 333; *Perkins v. Gibson*, 51 Miss. 699; *Dryden v. Frost*, 3 Mylne & C. 670; *Mitchell v. Butt*, 45 Ga. 162; *Pitts v. Parker*, 44 Miss. 247; *Selby v. Selby*, 4 Russell Ch. 336. The sum of these cases is that the lien is something more than a mere personal equity, that it may be assigned and that another may be subrogated to the position of the vendor, and enforce the lien in his own name.

3. If the making of a promissory note by the vendee to a third party, at the request of the vendor, for the purchase money of real estate, is sufficient to transfer the lien, (as held in *Mitchell v. Butt, supra*,) why should not a verbal agreement between the vendor, vendee and the person who actually pays the purchase money, that the lien should be assigned to the latter, be sufficient? The making of the note cannot obviate the difficulty presented by the statute of frauds, if that be suggested, for it is merely a promise to pay a debt, not a contract touching land. They are both parol agreements with a most persuasive equity in favor of the one with him who advances the purchase money. If it be a fraud as between vendor and vendee, to permit the latter to retain both the land and the purchase money, why is it not a fraud to permit the vendee to retain land for which another party has paid the consideration, without requiring him to re-pay the money, and subjecting the land to its payment? He who advances the money to pay for land, at the request of the vendee, with the understanding that the lien is to continue in his favor, will, in equity, be subrogated to the rights of the vendor to the extent of the money advanced, and will be entitled to have the original lien enforced in his favor.

4.   Even though the mortgage be invalid as a contract of a married woman, it may be sustained as the act of a trustee, and equity will enforce it as such.   David J. Hervey paid $200 of the purchase money—the only money paid by the vendee.   None of the money was advanced by Mrs. Hervey, and, therefore, although the legal title to the land was in her, David, her husband, was really the owner —there was a resulting trust in his favor.   Equity will, under the circumstances, treat her as the trustee of her husband.   Her coverture did not disqualify her to act in that capacity.   *Burnaby v. Griffin*, 3 Ves. 266; 2 Kent Com., 151; 1 Bishop on Marr. Wom., § 700 ; 2 Bishop on Marr. Wom., §§ 118, 125 ; 1 Perry on Trust., §§ 124, 165 ; *Persons v. Persons*, 25 N. J. Eq. 250; *Gridley v. Wynant*, 23 How. 500; Sugden on Powers, 184; *Clarke v. Saxon*, 1 Hill (S. C.) Ch. 69; *Claussen v. La Franz*, 1 Clark (Iowa) 227.

*A. O. Sanders* also for plaintiff in error.

The amount paid by plaintiff's testatrix together with the accruing interest thereon became a claim upon the lands and should be enforced against them.   *Thompson v. Renoe*, 12 Mo. 159; *Valle v. Fleming*, 29 Mo. 157.   The original agreement was fully complied with by plaintiff's testatrix upon the payment of the money; and equity will protect her and enforce her claim upon the lands against Hervey and wife, and their assignees and grantees, with notice of her claim upon the lands.   *Paul v. Chouteau*, 14 Mo. 580 ; *Farrar v. Patton*, 20 Mo. 83 ; *Wallace v. Wilson*, 30 Mo. 336.   The additional agreement to protect and preserve the original claim of plaintiff's testatrix upon the lands by the execution of a deed of trust on the same, and the attempted execution of the same, did not invalidate or supersede the original claim in favor of plaintiff's testatrix on the lands created by the original agreement.   *Pemberton v. Johnson*, 46 Mo. 342 ; *Pratt. v. Clark*, 57 Mo. 189.

A bill in equity to enforce the claim of plaintiff's testatrix on the lands is the proper remedy. *Pratt v. Clark*, 57 Mo. 189; *Valle v. Fleming*, 29 Mo. 157.

*G. Pitman Smith* for respondents.

1. The plaintiff is not entitled to a vendor's lien. The purchase money has been paid, and besides, this lien does not arise in favor of a third party who pays the purchase money for the vendee. Washburn on Real Prop., 537, 40; *Stansell v. Roberts*, 13 Ohio 148; *Skaggs v. Nelson*, 25 Miss. 88; *Crane v. Caldwell*, 14 Ill. 468; Sugden on Vendors, pp. 65, 74. Besides, the testatrix accepted the deed of Mrs. Hervey as her security, and this, if she were otherwise entitled, would be a waiver of the vendor's lien. *Brown v. Gilman*, 4 Wheat. 255. 290; *Garson v. Green*, 1 John. Ch. 308. Vendor's lien is a personal one, and does not pass by assignment. *Shall v. Biscoe*, 18 Ark. 142.

2. Plaintiff has misconceived his remedy. He should have brought an action at law for damages against Hervey for failing or refusing to execute his agreement, to execute a deed of trust to plaintiff's testatrix, the law being ample for this purpose, if there were sufficient consideration for the agreement. Equity cannot relieve the plaintiff, either by establishing a vendor's lien or the " first lien," as stated in the petition, because the vendor received 'the purchase money, and a third party cannot be substituted in his place. Nor can equity correct or reform the deed of trust executed by Mrs. Hervey, because it was received, held and acted upon by plaintiff's testatrix for ten years and over, as the very security agreed upon at the time of the conveyance of the land to Mrs. Hervey, and because equity has no power to interfere, to correct or to relieve against a want of knowledge of the requirements of the statute, as " equity follows the law " and cannot change its requirements. Nor can it aid the defective execution of the power by attempting to compel the husband to join with the

wife in the execution—this last falling within the province of the courts of law in a suit for damages on the agreement to execute. "Every man is bound to know the law." No mistake of facts, accident or fraud alleged or appearing, plaintiff cannot maintain his action. The deed cannot be reformed. A deed made by a married woman without joinder of her husband, gives no parties any rights before the courts, but is absolutely void. 1 Wag. Stat., §§ 2, 3, 273; *Shroyer v. Nickell*, 55 Mo. 264; 2 Kent Comm., 151; *Miller v. Hine*, 13 Ohio St. 565; *Miller v. Wetherby*, 12 Iowa 415. So a deed made by a married woman not relating to her sole and separate property, is void. 1 Washburn on Real Prop., 305; *Murray v. Emmons*, 19 N. H. 483; 1 Black. Comm., 444; *Ela v. Card*, 2 N. H. 175; Comyns Dig. Tit., *Barron & Feme*, O.

3. But the plaintiff clearly shows by his petition that the husband had an interest in this land, and he now wishes him made a party to this deed, for this reason, viz: "That as the husband did not sign the deed, he is unable to execute his trust." The husband undoubtedly had a right to withhold his signature from the instrument—the statute makes it a matter of choice with him, and equity would not influence, much less compel him to become a party now. He was interested—we are bound to believe that it was his money that paid for the property, although purchased in the wife's name. The petition shows that the contract was made with both husband and wife, that Mrs. Wyatt agreed to lend the money to the husband and wife, and that they agreed to give her a mortgage on the property to secure the amount. The money was loaned to the husband, or in other words, it was his money when once the loan was made. *Rhoades v. Gordon*, 38 Pa. St. 277; *Boatman v. Curry*, 25 Mo. 433; *Haugh v. Blythe*, 20 Ind. 24. Hence the husband had a large interest in this property, which he refused and still refuses to convey to this plaintiff, and which both law and equity will uphold him in refusing to convey as his clear right and prerogative.

The deed then was absolutely void and a nullity, there-fore, can bind nobody.

HOUGH, J.—It appears from the petition in this case that in May, 1863, David J. Hervey purchased of James M. Foreman certain tracts of land situated in Montgomery and Warren counties, for the sum of $600. The petition recites: "That on the 19th day of May, 1863, at a meeting of the said parties by agreement, for the purpose of completing the said purchase, and the said David J. Hervey not then having the said amount of the purchase money, agreed upon, as aforesaid, to pay for the said real estate, an agreement, as follows, was then and there entered into by and between said David J. Hervey, James M. Foreman and Patience Wyatt, plaintiff's testatrix, to-wit: That said Foreman and his wife should convey said real estate to defendant, Marinda C. Hervey, wife of said David J. Hervey, at and for the price and consideration of $600; that said David J. Hervey should pay to said Foreman $200 of the said $600, and that the balance of said sum of $600, to-wit: $400 remaining unpaid should be advanced to the said Foreman by the said Patience Wyatt; and that by virtue of the payment by said Wyatt of the said amount to said Foreman, the said Wyatt should have and hold a first claim and lien upon said real estate, and the same should be held to secure to her the payment of said amount at the expiration of twelve months, with ten per cent. interest thereon, as the purchase money of said real estate; and it was further agreed by and between said David J. Hervey and Marinda C. Hervey and Patience Wyatt, that for the purpose of better securing and preserving to the said Wyatt the said first claim and lien on said real estate, upon the conveyance of the said real estate to said Marinda C. Hervey, the same should be conveyed to this plaintiff as trustee in trust to secure to said Wyatt the payment of the said $400 at the expiration of said time, together with interest thereon as aforesaid. Plaintiff further states that

on the day of the said agreement, and in pursuance thereof, said Foreman and wife conveyed the said real estate by deed to Marinda C. Hervey, and the said David J. Hervey paid to said Foreman the said sum of $200, and the said Wyatt advanced and paid over to said Foreman the said sum of $400; that on said day and at said time the said David J. and Marinda C. Hervey, then desiring, intending and undertaking to convey the said real estate to this plaintiff as trustee in trust as aforesaid, caused to be executed and delivered a certain instrument of writing intending and purporting therein to be a conveyance of the said real estate to this plaintiff as trustee in trust as aforesaid, which instrument of writing was signed and executed alone by said Marinda C. Hervey, the said David J. Hervey neglecting and failing to sign and execute the same;

* * that on the 5th day of September, 1870, the said David J. and Marinda C. Hervey, at the instance and request of the defendant, George Pitman Smith, the son and agent of one George Smith, Sr., executed and delivered their certain deed of trust to one G. W. Hammett, as trustee, and conveying therein to said trustee the said real estate in trust to secure the payment of certain indebtedness then past due and owing by said David J. Hervey to said George Smith, Sr.; that on the 29th day of November, 1873, a sale of the said real estate was had and made under and by virtue of the terms of said deed of trust to said Hammett, and at the said sale the defendant, George Pitman Smith, became and was the purchaser of the said real estate at and for the price and sum of $55;

* * that at and prior to the execution and delivery of the said deed of trust to the said Hammett, the said George Smith, Sr., and the defendant, George Pitman Smith, had actual and constructive notice of the aforesaid conveyance of the said real estate to said Marinda C. Hervey, and of the payment, as aforesaid, of the said sum of $400 by said Wyatt to said Foreman, and of the aforesaid first claim and lien on said real estate in favor of said

Wyatt, to secure to her the payment of said amount and interest at said rate, as purchase money of said real estate due and unpaid, and of the said agreement by and between defendants, David J. and Marinda C. Hervey, and said Foreman and said Wyatt, as stated hereinbefore, and of each and every particular, and each item of said agreement, and in particular that said real estate was to be held to secure to said Wyatt the payment of said sum of $400 and interest thereon at said rate, and of the execution and delivery of said instrument of writing by said Marinda C. Hervey to the plaintiff, as trustee as aforesaid; and he avers that at the said time, and immediately after the said notice, the defendant, George Pitman Smith, then acting as agent as aforesaid, then and there recognized and acknowledged the said claim and lien on said real estate in favor of said Wyatt to be a first claim and lien, and that the claim and lien created by said deed of trust to said Hammett was a subsequent claim and lien to the said claim and lien of the said Wyatt."

The prayer of the petition is, that a lien be declared to exist in favor of Patience Wyatt, on the land described, for the money advanced by her, and that the same be enforced against said land so purchased by the defendant, Smith. To this petition the defendants demurred, and final judgment was rendered thereon in their favor. This is not a proceeding to reform the deed of Marinda C. Hervey, and if it were it could not be maintained, inasmuch as it does not appear that the conveyance from Foreman to her created in her a separate estate, and the conveyance executed by her, therefore, in which her husband failed to join, cannot be made the basis of any action either at law or in equity. *Shroyer v. Nickell*, 55 Mo. 264; *Marquat v. Marquat*, 7 How. Pr. 417; *s. c.*, 12 N. Y. 336. Neither can this suit be maintained for the purpose of enforcing a vendor's lien in favor of Patience Wyatt for the $400 advanced by her to Hervey to complete his payment for the land, as no vendor's lien arises when the vendor executes and de-

livers a conveyance to the purchaser; and the whole purchase money is paid to the vendor. *Skaggs v. Nelson*, 25 Miss. 88. Nor can any equitable lien on Mrs. Hervey's interest in the land conveyed to her, arise from the mere agreement of Mr. and Mrs. Hervey that Mrs. Wyatt should have such lien, as it does not appear that Mrs. Hervey was capable of contracting in reference thereto. The agreement, however, will be good as against Mr. Hervey so far as his marital interest is concerned, unless it should appear that such agreement was not in writing and Mr. Hervey should repudiate the same by a plea of the statute of frauds. In this view of the case we will reverse the judgment and remand the cause. All concur.