[Opinion delivered April 26, 1880.]

---

C. & M. M. PANNILL v. GEO. W. SMITH.

(Case No. 3450.)

1. VENDOR'S LIEN.— The vendor's lien is not the creature of contract; it arises by operation of law, and exists only when the purchase money agreed to be paid remains unpaid, and the lien has not been waived. Malone *v.* Kaufman, 38 Tex., 457; Flanagan *v.* Wynn, 25 Tex., 778.

ERROR from Ellis. Tried below before the Hon. Nat. M. Burford.

This suit was instituted by Smith against C. Pannill upon a promissory note made by Pannill to Smith for $1,328 gold,

payable on demand, with interest at one and one-half per cent. a month until paid. It is dated June 18, 1875.

Smith alleges the note was given in part payment of the purchase money of a tract of land, upon which he avers he has a lien, which he prays may be enforced.

Pannill and his wife, who is made party, answer, denying that the note was given for the purchase money of the land, and aver that the land is the separate property of the wife; that in April, 1874, they conveyed the land to A. J. Smith, wife of G. W. Smith, for the consideration expressed of $2,500. That they agreed to accept in part payment a debt of about $800 which C. Pannill & Co. owed Smith. That afterwards, Smith, becoming dissatisfied with his purchase, desired to cancel the trade, which was done, and on 8th June, 1874, Smith and wife reconveyed the land to Mrs. M. M. Pannill, without lien or reservation of any kind. That after this, on 18th June, 1875, C. Pannill executed the note sued on, which was not for the land, but which was given for Pannill & Co.'s debt to Smith, including the $800 owing to him at the time of the purchase of the land by Smith.

The case was submitted on the law and facts to the judge, who rendered judgment for the plaintiff Smith, and a decree establishing a vendor's lien for the payment of the note sued on upon the land, and ordering a sale of it.

From this judgment this writ of error is prosecuted, and the errors assigned are that the court erred in refusing them a new trial; in declaring the note sued on to be a lien upon the land, and rendering judgment for its foreclosure, and in rejecting the proof offered to prove the land to be the separate property of Mrs. Pannill.

*A. A. Kemble,* for plaintiffs in error.

*Amzi Bradshaw,* for defendant in error.

QUINAN, J.— We have considered carefully the statement of the facts proven upon the trial, and have arrived at the conclusion that the evidence does not support the judgment of the court.

The proof conclusively establishes these facts: That upon the sale of the land by Pannill and wife to Mrs. Smith, no money whatever was paid. Pannill & Co. were then indebted to Smith for borrowed money, and he held their note for it, $500 currency, and bearing one and one-half per cent. a month interest, dated May 10, 1873. They were also indebted to him at the same time in other sums, which at that time, with the note, amounted to about $800, but counting up the interest made up the note which is here sued on. That it was agreed that this debt should go into and be received as part payment for the land, and the balance, about $1,700, was to be paid by Smith in a few days. Neither the $500 note nor the accounts were then delivered to Pannill, nor was any part of the purchase money paid. In March, 1874, Smith wrote to Pannill, desiring him to sell his place to some one else, that he was in debt, and stating: "What you are owing me I will take property at Ennis, if it suits you, at reasonable price."

On the 19th May, 1874, he wrote again, explaining his embarrassments, and concluded: "I only loan you the money for an accommodation. I had rather you to keep the place. Give me a lien on it for what money I loaned you. I will be willing to take it without any interest."

On the 8th June, 1874, the transaction in relation to the land was canceled, and Smith and wife reconveyed the land to Mrs. Pannill.

Not till over a year thereafter was the note sued on given; then there was a settlement between Smith and Pannill. The $500 note and the accounts, adding the interest upon them, were given up to Pannill, and Pannill executed the note sued on to Smith for the amount of that indebtedness of Pannill & Co.

Although Smith says that he regarded this transaction as creating a lien upon the land for the payment of the note, it is manifest that his opinion upon the subject is erroneous. The proof is very positive that at the time of the reconveyance to Mrs. Pannill, there was no agreement or understanding that the Pannill debt should be a lien upon the land;

that the transaction was simply a cancellation of the trade that had been made when the land was conveyed to Mrs. Smith, and the old indebtedness of Pannill & Co. was left standing just as it was before the first conveyance, and remained, in fact, unsettled till the execution of the note sued on. There was not only no agreement or understanding that this debt should be a lien upon the land, but if there had been it would have been ineffectual as making a mortgage by parol. The vendor's lien is not the creature of contract; it arises by operation of law, and exists only where the purchase money agreed to be paid remains unpaid, and the lien has not been waived. Malone v. Kaufman, 38 Tex., 457; Flanagan v. Wynn, 25 Tex., 778.

It is unnecessary to notice the other errors assigned. The rejection of the testimony, in the view we take of the proof, was not a material error.

Because the judgment of the court is against the evidence, the judgment will be reversed and the case remanded, and we so award.

REVERSED AND REMANDED.