## LAWSON et al. v. PHIPPS.
### (No. 8616.)

(Court of Civil Appeals of Texas. Galveston. Feb. 11, 1925.)

1. **Estoppel ⟐78(3)—Defendants held estopped from denying sale of land, in view of written agreement reciting that such sale had taken place.**

In suit by assignee to enforce vendor's lien notes, where parties entered into agreement reciting that a sale of land did in fact take place, and that vendor's lien notes were given as purchase price therefor, defendants were estopped from thereafter denying that a sale of land had been made.

2. **Vendor and purchaser ⟐265(4)—Assignee of vendor's lien notes held entitled to enforce such lien as against subsequent purchaser, even though no vendor's lien existed between grantor and grantee.**

Where recorded assignment to plaintiff recited that notes had been given as part purchase price for sale of land, and carried a vendor's lien, any title that vendor might have in land was thereby vested in plaintiff assignee, and she was entitled to enforce her lien as against a subsequent purchaser of land, even though, as between grantor and grantee, no such vendor's lien existed.

Appeal from District Court, Houston County; Ben F. Dent, Judge.

Action by Mrs. Ida Phipps against D. C. Lawson and others. From the judgment, defendants appeal. Affirmed.

Adams & Adams, of Crockett, for appellants.

Nunn & Nunn, of Crockett, for appellee.

GRAVES, J. Appellee, a single woman, sued appellants Lawson and Smith for judgment upon three vendor's lien notes for the aggregate sum of $2,800 alleged to have been executed by Lawson to Smith as part of the purchase price of 100 acres of land and regularly transferred to her in security for an $800 loan made him, and these two, as well as the other appellants, Calvert and Zachary, for a foreclosure of the alleged vendor's lien upon the land. She averred that Smith had deeded the land to Lawson on March 3, 1921, reserving a vendor's lien to secure the payment of these notes; that the notes and lien had been duly transferred to her, but that Calvert claimed to own a lien antedating hers for the sum of $300; and that Zachary was setting up some sort of pretended claim to the land under a deed thereto to him from Smith of date March 2, 1922.

All the parties thus sued, except Lawson, appeared and answered. Smith declared that he had been, prior to the filing of this suit, duly adjudged a bankrupt, and had been discharged from this indebtedness, but his trustee in bankruptcy intervened, alleging that the bankruptcy proceeding was still pending, and asked a stay in this litigation on account thereof. Calvert came in declaring upon an alleged lien against the land for $300, of date October 23, 1909, which he charged all the other parties with having acquired their claims with notice of and subject to. Zachary pleaded that he had bought the land in good faith from Smith, paying full value therefor without notice of appellee's claim against it, further charging that no vendor's lien existed against the land by virtue of the notes she sued upon in favor of appellee, as she claimed, because no deed thereto had in fact ever been executed and delivered by Smith to Lawson. As indicated no answer from Lawson appears.

Trial was had before the court without a jury and a judgment entered, the effect of which was to give appellee a recovery against Lawson and Smith for $1,111.39 as the accrued amount of her debt, together with foreclosure of her vendor's lien on the land as against all the defendants other than Calvert, and ordering the land sold and the proceeds to be first applied to the satisfaction of Calvert's claim, which was held to be a prior lien, and next to that of appellee, any remaining balance to go to Zachary. It was further decreed that, since Smith had received his discharge in bankruptcy and the debts sued upon were provable ones in that proceeding, sale of the land and application of the proceeds as directed should constitute an extinguishment in full of both recoveries of appellee and Calvert.

The appeal, while perfected in the names of Lawson, Smith, and Zachary, appears to be prosecuted mainly in the interest of the last mentioned party; it being contended that the land in his hands under his purchase from Smith, although it was subsequent to the date of the alleged vendor's lien notes from Lawson to Smith which the appellee held, was not subject to a vendor's lien securing the payment of such notes, because no sale of the land from Smith to Lawson had in fact taken place, and therefore no vendor's lien was created.

The assignment and argument embodying this contention, after asserting that no sale of the land to which the claimed lien could be an incident had been consummated, then urges that a vendor's lien cannot be created by contract, citing in support Farmer v. Simpson, 6 Tex. 307; Malone v. Kaufman, 38 Tex. 457; Houston v. Dickson, 66 Tex. 81, 1 S. W. 375; Pannill v. Smith, 1 Posey Unrep. Cas. 99, 100; Wynn v. Flannegan, 25 Tex. 781; Krause v. Pope, 78 Tex. 485, 14 S. W. 616.

[1] As an abstract proposition of law, it may be correct to say that the vendor's lien as such is not a creature of independent agreement, but is an incident to a sale and

dependent upon it, and that the cited authorities so hold, but we do not think that principle rules this cause. In the judgment here appealed from the court not only found "that the notes sued upon were executed on the 3d day of March, 1921, to secure the payment of the purchase money for the following described tract of land, to wit, 100 acres out of the John Welch league," thereby importing its finding that a sale of it had been duly made, but appellants appear to have estopped themselves from claiming that a sale was not shown to have been made by the following agreement between them and their antagonists in this and the companion case of Robinson v. Phipps, 269 S. W. 459, taken from the statement of facts:

"It is also agreed that the two tracts of land described in plaintiff's petition are properly described and were owned by Lang Smith and by Smith & Perry, a copartnership firm composed of Lang Smith and Lee F. Perry, at the time of the J. C. Robinson and D. C. Lawson transactions in which each of them executed their vendor lien notes as the purchase price for the lands described in plaintiff's petitions, that is, Lang Smith owned the 100 acres of the Welch league sold by him to Lawson, and Smith and Perry owned the 1.04 acres of the C. Lovelady survey sold to J. C. Robinson."

Furthermore, the judgment also contains this recital:

"It appearing to the court that the vendor's lien notes sued upon by plaintiff were assigned and transferred by defendant Lang Smith to plaintiff to secure a loan of $800, interest and attorneys' fees, and it being ascertained that there is now due on said note the sum of $1,111.39 by defendants D. C. Lawson and Lang Smith to plaintiff."

When the statement of facts is looked to, it is found that, not only did Lang Smith regularly transfer and assign the notes sued upon to appellee, under recitation that they had been given to him for part of the purchase money under his sale of the land to Lawson and carried a vendor's lien in his favor, together with the lien itself and all incidental rights, but further therein expressly provided that any title he might have in the land was thereby vested in her. This assignment went to record in the county on March 4, 1921, and appellant Zachary admits being affected with notice of it when he later took his deed from Smith.

[2] While, therefore, we think appellants fail to show that no sale of the land between Smith and Lawson had been consummated, still, in view of the existence of the notes and this instrument so transferring and assigning them to Mrs. Phipps under the recitations in both that such a lien did exist to secure them, it would have made no difference in the legal result here if they had; in other words, Mrs. Phipps would have been entitled to enforce her lien against Zachary as a subsequent purchaser of the land, even though, as between Smith and Lawson, no such vendor's lien existed. Houghton v. Rogan, 17 Tex. Civ. App. 285, 42 S. W. 1018.

Under these conclusions, it follows that the trial court's judgment should be affirmed. That order has been entered.

Affirmed.