## HABLE et al. v. OWENS et al.   (No. 224.)

(Court of Civil Appeals of Texas. Eastland.
Oct. 22, 1926.)

**1. Municipal corporations ⬿568(3).**

Evidence in action on assessment certificate *held* to justify finding that purchaser of lot as part of consideration assumed and agreed to pay levy for street improvement.

**2. Vendor and purchaser ⬿254(4).**

Vendor's lien arises by implication where part of consideration for deed is note or obligation to pay money in future.

**3. Vendor and purchaser ⬿254(4).**

Where purchaser orally agreed as part of consideration to discharge debt due by vendor, equitable vendor's lien was created on premises conveyed as well as personal obligation against purchaser.

**4. Municipal corporations ⬿586.**

Where purchaser of lot agreed as part of consideration to pay assessment for street improvement, personal judgment on assessment certificate against him was proper.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by Mrs. Geo. A. Owens and others against E. W. Hable and another on an assessment certificate. From an adverse judgment, defendant E. W. Hable appeals. Affirmed.

See, also, 271 S. W. 131.

Stinson, Coombes & Brooks, of Abilene, for appellant.

Scarborough & Wilson, of Abilene, for appellees.

LITTLER, J. Dr. A. V. Cash was the owner of a lot in the city of Abilene. By proper ordinance the city ordered the street upon which said lot abutted to be graded and paved, and assessed part of cost of said im-

provement against the owners of property abutting thereon. Bids were advertised and the bid of Geo. A. Owens accepted. Before the city entered into the contract of Owens on his bid, Dr. Cash sold the lot in controversy to appellant Hable. Thereafter the city by proper ordinance assessed against said lot and Dr. Cash as its owner the sum of $457.87, and ordered that a certificate for said amount, bearing interest at 8 per cent., and 10 per cent. attorney's fees, should issue to the contractor upon the completion of the work. The work was completed and accepted by the city, and suit was brought on said assessment certificate against Cash and the appellant Hable. Cash answered admitting the validity of the assessment and, further, that Hable as part consideration for the conveyance of the lot to the latter had assumed and agreed to pay the amount of such assessment. Hable asserted that the property was his homestead and denied that he assumed the assessment. Upon conflicting evidence, the court found that Hable, as part consideration for said deed, agreed to pay the amount which said city should assess against said lot by reason of the improvement referred to and entered judgment against both appellant and Hable with a foreclosure of the assessment lien and in favor of Cash over and against Hable. Hable alone has appealed.

Appellants' position is that the assessment made by the city was not of record, and that the uncontradicted evidence discloses that Hable bought the property for the purpose of establishing his home thereon, that the lien is invalid as to the lot, and that no personal judgment could be rendered against appellant.

Appellee submits two propositions to the effect that the vendee who assumes an obligation as part of consideration for property conveyed to such vendee becomes personally liable, and that vendor's lien is thereby created to secure the payment of the debt assumed, and that the charter of the city of Abilene providing that such certificates as the one in question should be prima facie evidence of the regularity, the property being vacant at the time, gives to the holder of the certificate a prior lien on the property.

[1] We do not find it necessary to pass upon the second proposition, as the first point made by appellee fully sustains the judgment of the trial court. The evidence was amply sufficient to justify the finding of the trial court that Hable, as part consideration for the deed to him, assumed and agreed to pay whatever amount should be levied by the city against the lot for the improvement stated. This was directly established by the testimony of Dr. Cash and practically admitted by appellant in that appellant admitted that he paid one installment of the assessment in question.

[2, 3] The rule in this state is that a vendor's lien arises by implication where a part of the consideration for a deed is a note or an obligation to pay money in the future. Where a vendee agrees as part of the consideration for his deed to discharge a debt due by his vendor, such a transaction creates an equitable vendor's lien in favor of the vendor on the premises conveyed, as well as a personal obligation against the vendee. Houston v. Dickson, 66 Tex. 79, 1 S. W. 375; McDonough v. Cross, 40 Tex. 251; Malone v. Kaufman, 38 Tex. 454; Rogers v. Blum, 56 Tex. 1; White v. Downs, 40 Tex. 225; Taylor v. Boyd, 63 Tex. 533.

That a vendee who verbally assumes as a part of consideration for his deed the payment of a debt due by his vendor becomes personally liable for such a debt is too well settled in our jurisprudence to require the citation for authority, but the leading case on the question is that of Spann v. Cochran, 63 Tex. 240.

[4] It follows that the judgment of the trial court must be affirmed, and it is so ordered.