**SANGER BROS. v. RUSSELL.** (No. 233.)

(Court of Civil Appeals of Texas. Eastland. Nov. 5, 1926. Rehearing Denied Dec. 31, 1926.)

1. **Vendor and purchaser ⬅⇒254(4)—Vendor's lien arises by implication, where partial consideration is note or obligation.**

Vendor's lien arises by implication, where part of consideration for deed is note or obligation.

2. **Vendor and purchaser ⬅⇒254(4)—Agreement to discharge vendor's debt as part of consideration creates equitable vendor's lien in favor of vendor on premises conveyed.**

Where vendee agreed as part of consideration for deed to discharge debt due by vendor, such transaction creates equitable lien in favor of vendor on premises conveyed as well as personal obligation against vendee.

3. **Venue ⬅⇒5(2)—Venue to enforce vendor's lien under purchaser's agreement to pay indebtedness of vendor is county where contract was made and lands situated.**

Venue to enforce vendor's lien arising under purchaser's agreement to pay indebtedness owing by his vendor lies in county where contract was made, and where lands are situated.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Suit by W. E. Russell against Sanger Bros. Judgment denying defendant's plea of privilege, and defendant appeals. Affirmed.

J. H. Synnott, of Dallas, for appellant.
Chandler & Chandler, of Stephenville, for appellee.

LITTLER, J. Appellee, W. E. Russell, instituted this suit upon certain vendor's lien notes. He alleged the extension and delivery of the notes; that he was the legal owner and holder of them; and that they were secured by a vendor's lien upon land situated in Erath county, the county in which the suit was filed. He also alleged certain extension of the notes extending their due dates to January 1, 1921, January 1, 1919, and January 1, 1923, which extensions were executed by T. M. Elkins the owner of the land; that about February 1, 1924, Elkins and defendant made a contract whereby Elkins agreed to convey said land to appellant, and, as a part of the consideration for such agreement, appellant agreed to pay off and discharge the debt due appellee on said notes; that appellant's agreement to assume and pay the notes, while made between appellant and Elkins, was made for the benefit of appellee, was communicated to him by Elkins, and accepted by appellee; that thereafter Elkins and wife conveyed the land to appellant.

Appellant filed a plea of privilege, claiming the right to be sued in the county of its residence. Appellee filed his controverting affi-davit, setting out the allegations of his petition, and alleging that this is a suit to foreclose a lien upon land in Erath county; also that the consideration for the execution of the deed from Elkins to appellant conveying said land was an agreement theretofore made whereby Elkins agreed to convey said lands to appellant, appellant agreed to assume the payment, and promised Elkins that it would pay appellee the amount due on the notes sued on; that such contract was made in Erath county, was communicated to appellee, and accepted by him.

Trial was had on the plea of privilege alone, and the court rendered judgment overruling the plea, to which ruling of the court appellant duly excepted, and gave notice of appeal, and the cause is now before this court for review.

Upon trial of the cause, appellee, plaintiff below, introduced in evidence the notes in question, the extension agreements, and evidence tending to show that appellant had agreed with the maker of the notes to pay off appellee's claim against the land, provided the maker of the notes would deed the lands in question to appellant.

Appellant introduced much evidence tending to show that the notes in question, and from which suit was brought, were barred by the statute of limitation, and that the extension agreement was made after appellant had examined an abstract to the property, and had learned from said abstract that the notes in question were barred by limitation.

We do not deem it necessary to go into the merits of the case, or to discuss the question as to whether or not the notes were barred by limitation, or were a valid and subsisting lien against the property. The only question before us is as to whether or not appellant agreed to pay off the claim of appellee, if appellee would deed appellant the land; the claim being based upon the vendor's lien notes.

[1, 2] In the case of E. W. Hable et al. v. Mrs. Geo. A. Owens et al., 287 S. W. 155, recently decided by this court, it was held:

"The rule in this state is that a vendor's lien arises by implication where a part of the consideration for a deed is a note or an obligation to pay money in the future. Where a vendee agrees as part of the consideration for his deed to discharge a debt due by his vendor, such a transaction creates an equitable vendor's lien in favor of the vendor on the premises conveyed, as well as a personal obligation against the vendee."

The following authorities were cited: Houston v. Dickson, 66 Tex. 79, 1 S. W. 375; McDonough v. Cross, 40 Tex. 251; Malone v. Kaufman, 38 Tex. 454; Rogers v. Blum, 56 Tex. 1; White v. Downs, 40 Tex. 225; Taylor v. Boyd, 63 Tex. 533.

[3] Under the above authorities we hold that, if appellant did make the contract or

agreement, to pay off said indebtedness, it would be a binding contract against appellant, and venue would lie in the county where the contract was made, and where the lands upon which the vendor's lien notes were given were situated.

It is undisputed that the land was situated in Erath county, and that the notes were payable in Erath county, and the court, in passing upon appellant's plea of privilege, found that the contract or agreement between appellant and appellee was made in Erath county, and that the land in question was situated in Erath county.

The court having passed upon these facts adversely to appellant, and the evidence being sufficient to sustain the judgment of the court, we are of the opinion that the trial court did not err in overruling appellant's plea of privilege, and the judgment of the court is therefore in all things affirmed.